**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID SEARS,**

                              **Plaintiff,**

    vs.                                                **8:15-cv-1318**
                                                          **(MAD/ATB)**

**CAROLYN COLVIN,** *Commissioner of*
 *Social Security*,

                              **Defendant.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**OFFICE OF MARK A. SCHNEIDER**       **MARK A. SCHNEIDER, ESQ.**
57 Court Street
Plattsburgh, New York 12901
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **FERGUS J. KAISER, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff David Sears ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking a review of the Commissioner of Social Security's (the "Commissioner") decision to deny his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. § 401 *et seq.* *See* Dkt. No. 1. Presently before the Court is Defendant's motion to dismiss for lack of subject-matter jurisdiction

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)").[1]  *See* Dkt. No. 17.

## II. BACKGROUND

Plaintiff originally applied for DIB and SSI on April 29, 2009, alleging onset of disability on December 20, 2008.  *See Sears v. Colvin*, 8:12-cv-570, 2013 WL 6506496, *1 (N.D.N.Y. Dec. 12, 2013).  These applications were initially denied on November 18, 2009, and Plaintiff requested a hearing, which was held on September 22, 2010, before an Administrative Law Judge ("ALJ") Carl E. Stephan.  ALJ Stephan determined in a decision dated October 28, 2010 that Plaintiff was not disabled.  *See id.*  Plaintiff appealed this decision to the Appeals Council, submitting additional medical records, and the appeal was denied on March 9, 2012 rendering ALJ Stephan's decision the Commissioner's final decision.  *See id.*  Thereafter, Plaintiff filed subsequent applications for DIB and SSI alleging a disability onset on August 30, 2011.  *See id.*  Plaintiff's second claim was denied in an initial determination on July 24, 2012.  *See* Dkt. No. 10-6.  Plaintiff requested a hearing before an ALJ, and, after a hearing was conducted, ALJ Robert Wright found that Plaintiff was disabled from the alleged onset date through the date of that decision, August 8, 2013.  *See Colvin*, 2013 WL 6506496, at *1.

Plaintiff appealed ALJ Stephan's decision dated October 28, 2010, and this Court reversed the denial of disability benefits and remanded the matter back to the Commissioner for further proceedings consistent with the Memorandum-Decision and Order.  *See id.* at *9.  This Court found that the Appeals Council erred when it disregarded the new medical records submitted by Plaintiff, among other things.  *See id.* at *7.  Although Plaintiff argued on that appeal that the

---

[1] Also pending before the Court is Plaintiff's motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

decision by ALJ Wright was new and material evidence, this Court declined to make that finding because remand was warranted on other grounds. *See id.* at *8. On April 3, 2014, the Appeals Council provided notice to Plaintiff that this Court remanded the April 29, 2009 claim "to consider the new and material evidence submitted to the Appeals Council and to consider the fully favorable hearing decision dated August 8, 2013.[2] In an order dated June 16, 2014, the Appeals Council consolidated Plaintiff's first claim, which had been remanded back to the Commissioner, with Plaintiff's second claim, which had resulted in a fully favorable decision dated August 8, 2013. *See* Dkt. No. 16-1. In addition to consolidating the two claims pursuant to 20 C.F.R. §§ 404.952; 416.1452, the Appeals Council also remanded the consolidated claims back to the ALJ for a new hearing and decision. *See id.* In an amended decision dated October 26, 2015, ALJ Stephan determined that Plaintiff was not disabled under the Social Security Act. *See* Dkt. No. 16-1 at 78-93.

### III. DISCUSSION

The Social Security Act (the "Act") permits "'[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action' in federal district court." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (quoting 42 U.S.C. § 405(g)). The Act establishes two prerequisites before a district court has jurisdiction to review a claim arising under the Social Security Act. *See* 42 U.S.C. § 405(g); *Mental Health Ass'n of Minn. v. Heckler*, 720 F.2d 965, 969 (8th Cir. 1983). First, a plaintiff must have presented a claim to the Commissioner, applying for benefits or notification

---

[2] This Court's December 12, 2013 decision does not direct the Commissioner to reconsider ALJ Wright's August 8, 2013 decision. *See Sears*, 2013 WL 6506496, at *8-9. Further, Plaintiff disputes that the notice to reopen was received by his attorney and contends that the notice does not appear in the electronic folder for Plaintiff's administrative case. *See* Dkt. No. 20-2 at 2, n.2.

that a plaintiff still asserts disability where benefits have been terminated. *See id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 329 (1976)). Second, "Section 205(g) also predicates jurisdiction on an exhaustion of administrative remedies: review is limited to a '*final* decision of the [Commissioner] made after a hearing to which he was a party.'" *Id.* (quoting 42 U.S.C. § 405(g). The second prerequisite can be waived by the Commissioner or the courts. *See id.* (citing *Mathews v. Diaz*, 426 U.S. 67, 75-77 (1976)). Here, the parties do not dispute that Plaintiff submitted applications for benefits. Defendant argues that Plaintiff did not exhaust his administrative remedies under the Social Security Act and, therefore, the Court does not have jurisdiction. *See* Dkt. No. 17-1.

As discussed by Defendant, a final decision of the Commissioner is not defined within the Social Security Act, but, instead, it is defined by the Commissioner's regulations. *See Sims*, 530 U.S. at 106-07. The regulations describe the administrative process that results in a final decision of the Commissioner. This procedure begins with the submission of applications for disability benefits by a claimant where an initial determination of disability is made. *See* 20 C.F.R. §§ 404.902; 416.1402. The claimant is then given the opportunity to ask for reconsideration or a hearing before an ALJ. *See* 20 C.F.R. §§ 404.907; 404.967; 416.1407; 416.1467. If the ALJ finds that the claimant is not disabled under the Social Security Act, the claimant may request the Appeals Council to review that decision within sixty days after he or she receives notice of that decision. *See* 20 C.F.R. §§ 404.967; 404.968(a); 416.1467; 416.1468(a). The Appeals Council can deny the request to review whereby the ALJ's opinion becomes the final decision, or the Appeals Council can grant the request making the decision of the Council the Commissioner's final decision. *See* 20 C.F.R. §§ 404.967; 404.981; 416.1467; 416.1481. If a claimant does not request a review from the Appeals Council, then there is no final decision, and, in turn, no judicial

review. *See* 20 C.F.R. §§ 404.900(b); 416.1400(b); *Sims*, 530 U.S. at 107 (citing *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986)) ("In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies.").

When a district court remands a case to the Commissioner for further consideration, the Appeals Council, acting on her behalf, either issues a decision or remands the case to an ALJ with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision. *See* 20 C.F.R. §§ 404.983; 416.1483. After remand, the subsequent decision of the ALJ "will become the final decision of the Commissioner" unless the Appeals Council assumes jurisdiction. *See* 20 C.F.R. §§ 404.984(a), (d); 416.1484(a), (d). In this case, Defendant argues that Plaintiff never requested the Appeals Council to review ALJ Wright's decision on Plaintiff's second application. *See* Dkt. No. 17-1 at 4-8. Defendant further argues that Plaintiff's second application was not appealed to this Court and, therefore, was not the subject of the remand from this Court. As a result, according to Defendant, that portion of the ALJ decision dated October 26, 2015 relating to Plaintiff's second application is not a final decision of the Commissioner. *See id.* at 4-8.

The regulations "allow for multiple claims to be heard during a single consolidated hearing before an ALJ." *Marshall v. Colvin*, No. 4-12-CV-075, 2014 WL 1230219, *15 (N.D. Ind. Mar. 25, 2014) (citing 20 C.F.R. §§ 404.952; 416.1452). However, where the Appeals Council consolidates a claim that has been remanded from the federal district court with a claim that does not have a final decision, the regulations are silent as to whether the appeals from those claims are also consolidated. *See, e.g., Marshall*, 2014 WL 1230219, at *15. The regulations also do not state which finality rule applies, those that apply to the new claim or those that apply to a claim remanded from a district court. *See id.*

Other district courts presented with this procedural circumstance have held that an appeal from an ALJ's decision on consolidated claims is subject to the procedure that applies to claims after remand from federal district court, as set forth in 20 C.F.R. §§ 404.983; 404.984; 416.1483; 416.1484. *See Wilson v. Colvin*, No. 14-00400, 2015 WL 2248171, *1-2 (S.D. Ala. May 13, 2015) (holding that the decision from an ALJ that contains both new claims and claims which have been remanded from a district court is the final decision of the Commissioner with respect to all claims contained within the decision); *Marshall*, 2014 WL 1230219, at *15; *Rasdall v. Astrue*, No. 06-2454, 2008 WL 695770, *6-7 (D. Kan. Mar. 13, 2008); *Adams v. Astrue*, No. 2:06CV00075, 2007 WL 4358344, *2 (W.D. Va. Dec. 12, 2007). As discussed by those courts, if the Appeals Council does not assume jurisdiction and the claimant does not file any exceptions, then the entire decision becomes the final decision of the Commissioner. *See Wilson*, 2015 WL 2248171, at *1-2; *Marshall*, 2014 WL 1230219, at *15; *Rasdall*, 2008 WL 695770, at *6-7; *Adams*, 2007 WL 4358344, at *2.

This Court agrees that this is the appropriate procedure under the regulations. As pointed out by one district court, to find otherwise would subject one decision to more than one appellate procedure. *See Marshall*, 2014 WL 1230219, at *15. Accordingly, the Court finds that Plaintiff has appropriately exhausted his administrative remedies and that the Court has jurisdiction over his consolidated claims pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). Defendant's motion to dismiss for lack of jurisdiction is denied.

## IV. CONCLUSION

After carefully reviewing the parties' submissions and the applicable law, and, for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 11, 2016
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge