**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID SEARS,**

                       **Plaintiff,**

   vs.                                                 **8:15-cv-1318
                                                          (MAD/ATB)**

**CAROLYN COLVIN,** *Commissioner of
Social Security*,

                       **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**OFFICE OF MARK A. SCHNEIDER**       **MARK A. SCHNEIDER, ESQ.**
57 Court Street
Plattsburgh, New York 12901
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **FERGUS J. KAISER, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff David Sears ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking a review of the Commissioner of Social Security's (the "Commissioner") decision to deny his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. § 401 *et seq.* *See* Dkt. No. 1. Presently before the Court is Plaintiff's motion for a preliminary injunction pursuant to Rule 65 of

the Federal Rules of Civil Procedure, seeking an order directing interim disability benefits during the pendency of this appeal. *See* Dkt. No. 10.

## II. BACKGROUND

Plaintiff originally applied for DIB and SSI on April 29, 2009, alleging an onset of disability on December 20, 2008. *See Sears v. Colvin*, 8:12-cv-570, 2013 WL 6506496, *1 (N.D.N.Y. Dec. 12, 2013). These applications were initially denied on November 18, 2009, and Plaintiff requested a hearing, which was held on September 22, 2010, before an Administrative Law Judge ("ALJ") Carl E. Stephan. ALJ Stephan determined in a decision dated October 28, 2010 that Plaintiff was not disabled. *See id.* Plaintiff appealed this decision to the Appeals Council, submitting additional medical records, and the appeal was denied on March 9, 2012 rendering ALJ Stephan's decision the Commissioner's final decision. *See id.* Thereafter, Plaintiff filed subsequent applications for DIB and SSI alleging a disability onset on August 30, 2011. *See id.* Plaintiff's second claim was denied in an initial determination on July 24, 2012. *See* Dkt. No. 10-6. Plaintiff requested a hearing before an ALJ, and, after a hearing was conducted, ALJ Robert Wright found that Plaintiff was disabled from the alleged onset date through the date of that decision, August 8, 2013. *See Colvin*, 2013 WL 6506496, at *1.

Plaintiff appealed ALJ Stephan's decision dated October 28, 2010, and this Court reversed the denial of disability benefits and remanded the matter back to the Commissioner for further proceedings consistent with the Memorandum-Decision and Order. *See id.* at *9. This Court found that the Appeals Council erred when it disregarded the new medical records submitted by Plaintiff, among other things. *See id.* at *7. Although Plaintiff argued on that appeal that the decision by ALJ Wright was new and material evidence, this Court declined to make that finding because remand was warranted on other grounds. *See id.* at *8.

On April 3, 2014, the Appeals Council provided notice to Plaintiff that this Court remanded the April 29, 2009 claim "to consider the new and material evidence submitted to the Appeals Council and to consider the fully favorable hearing decision dated August 8, 2013.[1] *See* Dkt. No. 17-2. In an order dated June 16, 2014, the Appeals Council consolidated Plaintiff's first claim, which this Court remanded back to the Commissioner, with Plaintiff's second claim, which had resulted in a fully favorable decision dated August 8, 2013. *See* Dkt. No. 16-1. In addition to consolidating the two claims pursuant to 20 C.F.R. §§ 404.952; 416.1452, the Appeals Council also remanded the consolidated claims back to the ALJ for a new hearing and decision. *See id.* In an amended decision dated October 26, 2015, ALJ Stephan determined that Plaintiff was not disabled under the Social Security Act. *See* Dkt. No. 16-1 at 78-93.

### III. DISCUSSION

Plaintiff brings this motion for a preliminary injunction by order to show cause, seeking an order of interim disability benefits pending the outcome of this appeal. *See* Dkt. No. 10-1. Defendant first argues in opposition that the Court lacks the authority to order the payment of interim benefits in this case because it would violate the Appropriations Clause of the Constitution. *See* Dkt. No. 16 at 4-7. Defendant also opposes Plaintiff's motion on the grounds that Plaintiff has not shown either irreparable harm or a likelihood of success on the merits to establish the criteria for a preliminary injunction. *See* Dkt. No. 16 at 7-14.

The Social Security Act provides authority for a district court to order interim benefits to a claimant during the pendency of an appeal that challenges the termination of a claimant's benefits.

---

[1] This Court's December 12, 2013 decision does not direct the Commissioner to reconsider ALJ Wright's August 8, 2013 decision. *See Sears*, 2013 WL 6506496, at *8-9. Further, Plaintiff disputes that the notice to reopen was received by his attorney and contends that the notice does not appear in the electronic folder for Plaintiff's administrative case. *See* Dkt. No. 20-2 at 2, n.2.

*See Perez v. Apfel*, 22 Fed. Appx. 67, 68 (2d Cir. 2001) (citing 42 U.S.C. § 1383(a)(7)(A)); *Weiser v. Sec'y of Dep't of Health & Human Servs.*, 645 F. Supp. 602, 603 (S.D.N.Y. 1986) (citing 42 U.S.C. § 423(g)); *City of New York v. Heckler*, 742 F.2d 729, 740 (2d Cir. 1984). The Second Circuit specifically declined to construe 42 U.S.C. § 423(g), which "entitles claimants who are challenging a termination decision to continue to receive benefits throughout their administrative appeals," to mean that "federal courts lacked remedial power to order the award of interim benefits in appropriate circumstances." *City of New York v. Heckler*, 742 F.2d at 740 (specifically disagreeing with the Commissioner's argument that this award violates the principle of sovereign immunity); *see also Heckler v. Day*, 467 U.S. 104, 119, n.33 (1984) (stating that nothing in the majority's opinion – finding that it is inappropriate for federal courts to impose absolute periods of limitations applicable to all claims – "precludes the proper use of injunctive relief to remedy individual violations of [42 U.S.C.] § 405(b)"). It is more plausible, according to the Second Circuit, that Congress intended to "fill a gap to ensure continuity of benefits" during the administrative process all the while understanding that the "courts had adequate authority to continue interim benefits. *Id.*

Defendant's contention that an award of interim benefits is a violation of the Appropriations Clause has been found to be without merit. *See Nieves v. Barnhart*, No. 02 Civ. 9207, 2005 WL 668788, *4 (S.D.N.Y. Mar. 23, 2005) (citing *City of New York v. Heckler*, 742 F.2d at 740). Defendant cites to *Office of Pers. Mfg. v. Richmond*, 496 U.S. 414, 424 (1990) to support this position, but, as stated in *Nieves*, an order of interim social security benefits in these circumstances is distinguishable from that case. *Nieves*, 2005 WL 668788, at *4. In *Richmond*, the parties there agreed that the payment sought by the plaintiff was in direct contravention of the federal statute. *See id.* Here, the Second Circuit has found that 42 U.S.C. § 405(i) expressly

4

authorizes interim benefit payments, *City of New York v. Heckler*, 742 F.2d at 740, and, therefore, the payment sought is specifically authorized by federal statute. *See Nieves*, 2005 WL 668788, at *4.

Moreover "[o]nce jurisdiction is established courts maintain the authority to provide equitable relief commensurate to the harm." *Mental Health Ass'n of Minn. v. Heckler*, 720 F.2d 965, 972 (8th Cir. 1983) (affirming the district court's prospective award of reinstated benefits pending review); *see also Heckler v. Day*, 467 U.S. at 124 (Marshall, J., dissenting) ("In the absence of a clear command to the contrary from Congress, federal courts have equitable power to issue injunctions in cases over which they have jurisdiction."). Although a court must exercise its injunctive power with caution and be "respectful of the authority of coordinate branches of Government," a court's remedial powers are not limited by the Social Security Act. *City of New York v. Heckler*, 742 F.2d at 740 (finding that the federal courts have the authority to award interim benefits). When it is shown that a plaintiff is entitled to equitable relief and is subject to a likelihood of irreparable harm, the federal courts have the authority to order a preliminary injunction. *See Heckler v. Day*, 467 U.S. at 124 (Marshall, J., dissenting).

In the Second Circuit, a party seeking injunctive relief must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). Irreparable harm is an injury that money will not be an adequate compensation, and, therefore, if money will make a plaintiff whole, then the injury is not irreparable. *See Reuters Ltd. v. United Press Intern., Inc.*, 903 F.2d 904, 907 (2d Cir. 1990); *Jackson Dairy*, 596 F.2d at 72. In the context of social security benefits, irreparable harm has

been found where the termination of benefits causes deterioration of medical conditions, disruption of medical care, and lack of medications due to the inability to pay, *see Mental Health Ass'n of Minn.*, 720 F.2d at 970 (citing *Mental Health Ass'n of Minn. v. Schweiker*, 554 F. Supp. 157, 166 (D. Minn. 1982)), or, even more broadly, irreparable harm has been found when "'money is essential for life's basic necessities.'" *Wylie v. Kitchin*, 589 F. Supp. 505, 507-08 (N.D.N.Y. 1984) (quoting *Reed v. Lukhard*, 578 F. Supp. 40, 42 (W.D. Va. 1983). Irreparable harm must also be actual and imminent; it cannot be remote or speculative. *Reuters*, 903 F.2d at 907 (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975).

In this case, the evidence at the hearing demonstrated that the financial circumstances of Plaintiff's household are such that his continued social security benefits are essential for life's basis necessities. *See Wylie*, 589 F. Supp. at 507-08. "The hunger of indignities that one may have to suffer from the unavailability of funds cannot be fully remedied by future payment of those sums." *Id.* (quotation marks and citations omitted); *see also Morel v. Giuliani*, 927 F. Supp. 622, 635 (S.D.N.Y. 1995) ("To indigent persons, the loss of even a portion of subsistence benefits constitutes irreparable injury."). Plaintiff submitted evidence at the hearing that his household's gross income is approximately $25,526 annually to sustain the seven people in his household. *See* Hearing Transcript ("T.") at 2-9. In 2015, Plaintiff's family was unable to pay their utility bills or repair their vehicle because they were paying for essentials such as food and medicine. *See id.* at 7-11, 17. Since the discontinuation of Plaintiff's disability checks in December 2015, Plaintiff is unable to purchase food regularly and is unable to purchase clothing. *See id.* at 17. The showing of irreparable harm in these circumstances has been demonstrated.

On the second prong, the Court finds that there is a likelihood of success on the merits. Based on the evidence presented to the Court, it is likely that the Appeals Council violated the

administrative procedure set forth in the Social Security Regulations for reopening a decision from an ALJ on its own motion. Of course, the Appeals Council may initiate review of an ALJ's decision "[a]nytime within 60 days after the date of a decision or dismissal" pursuant to 20 C.F.R. §§ 404.969(a); 416.1469(a). Here, more than sixty days have elapsed in between the date of ALJ Wright's decision and the notice of reopening, so other authority to reopen this decision is necessary. Potentially, 20 C.F.R. §§ 404.987-989; 416.1487-89 provides this authority. These regulations set forth the procedure under which a prior determination or decision can be reopened and revised.

> § 404.988 Conditions for reopening
>
> A determination, revised determination, decision, or revised decision may be reopened–
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
> (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case . . . .

*Id.* Section 416.1488 contains the same provision for SSI benefits except that the determination must be opened within two years of the date of notice of the initial determination for good cause. *See* 20 C.F.R. § 416.1488.

Defendant argues that "the notice of the initial determination" is ALJ Wright' August 8, 2013 decision, and the Appeals Council notice of April 3, 2014 was filed within twelve months. *See* Dkt. No. 16 at 13. According to Defendant's submitted dates, the Appeals Council was able to reopen ALJ Wright's finding of disability "for any reason" under 20 C.F.R. § 404.988(a). *See id.* The Court declines to adopt Defendant's position that ALJ Wright's decision is the "notice of the initial determination" as that term is used in 20 C.F.R. §§ 404.988(a); 416.1488(a). In reference to the sequential administrative process, the Supreme Court stated that "[t]he initial

determination of whether an individual is disabled is made by a state agency." *Bowen v. City of New York*, 476 U.S. 467, 467 (1986); *see also Bowen v. Yuckert*, 482 U.S. 137, 142 (1987). The Court finds that the twelve months is calculated from the notice of initial determination made by the state agency under the control of the Commissioner pursuant to 20 C.F.R. §§ 404.1503 ; 416.903, prior to a disability hearing or an ALJ decision. *See Navan v. Astrue*, No. 06 Civ. 2757, 2007 WL 1834830, * (S.D.N.Y. June 20, 2007) (considering the initial determination to be the state agency's determination); *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430 (N.D.N.Y. 2004) (stating that a final determination or decision can be reopened pursuant to 20 C.F.R. §§ 404.988(a); 416.1488(a) for any reason within twelve months of the initial determination, calculating the twelve months from the 20 C.F.R. §§ 404.1503; 416.903 initial determination).

Accordingly, the initial determination in this case was rendered on July 24, 2012, *see* Dkt. No. 10-6, and, notice was provided that the Appeals Council was reopening the determination made by ALJ Wright either on April 3, 2014, at the earliest, or June 16, 2014, at the latest. *See* Dkt. No. 17-2 at 47-52. Regardless of which date, the reopening was subject to the good cause standard pursuant to the regulations. *See* 20 C.F.R. §§ 404.988(b); 416.1488(b).

Good cause for reopening a determination is when there is "new and material evidence" submitted, a clerical error in the computation of benefits, or the evidence previously considered clearly shows on its face that an error was made, but there is not good cause to reopen if the basis is a change in legal interpretation. *See* 20 C.F.R. §§ 404.989; 416.1489. The Court finds that the explanation provided by the Appeals Council in the notice of reopening ALJ Wright's decision, does not satisfy the requirement of "good cause" as that term is defined in the regulations. The Appeals Council does not claim that new and material evidence was submitted or that there was a clerical error in the computation of benefits. *See* Dkt. No. 17-2 at 47-48.

8

The remaining definition of good cause is that the "evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. §§ 404.989(a)(3); 416.1489(a)(3). The Appeals Council states that ALJ Wright "did not appear to be aware of the prior Administrative Law Judge's decision dated October 28, 2010." *Id.* Further, according to the Appeals Council, ALJ Wright's decision states that Dr. McCahill's opinion is consistent with the medical evidence as a whole and with the testimony presented at the hearing but the Appeals Council claims that the audio of the hearing does not contain Plaintiff's testimony. *See id.* Finally, the Appeals Council states in the notice that there is a piece of contradictory radiology as interpreted by a medical consultant and that ALJ Wright should have consulted a vocational expert. *See id.* While Defendant makes contentions of contradictory evidence, Defendant does not claim that the evidence – Dr. McCahill's opinion, a medical consultant's opinion, and the hearing recording – contains clear error on the face of the evidence. These errors contended by the Appeals Council are potential legal errors in the ALJ's determination but are not errors that exist on the face of the evidence itself. Consequently, the Court finds a likelihood that there was not "good cause" pursuant to 20 C.F.R. §§ 404.989(a)(3); 416.1489(a)(3), and, therefore, Plaintiff has a likelihood of success in showing that the Appeals Council improperly reopened his claim.

## IV. CONCLUSION

After carefully reviewing the parties' submissions and the applicable law and holding a fact-finding hearing on June 15, 2016 and, for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction continuing his current disability benefit pending the resolution of his appeal to this Court is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 21, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge